**William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**LOCAL 538, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Defendant.**

Civ. A. No. 85–1028.

United States District Court, W.D. Pennsylvania.

Oct. 2, 1986.

Albert Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

Ernest B. Orsatti, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

The Secretary of Labor filed this action to set aside a union election. The Secretary alleges that § 401(g) of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401 et seq., was violated when certain candidates committed the heinous crime of using a church photocopier.

The parties have filed cross motions for summary judgment with supporting briefs and evidentiary material and a joint stipulation of facts. The material facts are not in dispute and the matter is ripe for disposition under Rule 56.

■ Raymond Baker and Betty R. Fischer were candidates for offices of Local 538 in the October, 1984 election. A campaign letter on behalf of Baker, Fischer and others was prepared, duplicated and sent to general membership on or about October 5, 1984. Prior to that date Mr. Baker took the original of this campaign letter to the East Liberty Lutheran Church in Pittsburgh to make approximately 1,000 copies on the church photocopying machine. The church did not charge Baker for making the copies and this, the Secretary contends, violated the Act.

Section 401(g) states in pertinent part: " ... No moneys of an employer shall be contributed or applied to promote the candidacy of any person in an election subject to the provisions of this title."

This prohibition extends to *all* employers, even though there is no relationship between the contributing employer and the candidates or the union. *Marshall v. Local Union 20*, 611 F.2d 645 (6th Cir.1979); *Donovan v. Local No. 29*, 521 F.Supp. 595 (E.D.N.Y.1981). Because the church employs a pastor, organist and a few others, it is an employer, even though no union members are employed by it.

■ Defendant Union admits that the church did not charge Baker for the copies. It asserts however that the cost of the copying was borne by the church "paper fund," which was created to cover photocopier expenses. Contributors to this fund, including Baker and Fischer, were not charged for copies. In essence they had prepaid for copying. In addition, Baker and Fischer were members of the volunteer organization Network to Save the Mon-Ohio Valley, which in connection with the Denominational Ministry Strategy, had contributed to the paper fund. Defendant has submitted the affidavits of Mr. Baker and Rev. Phillip Long, pastor of the church, in support of these facts.

The Secretary has not provided any additional evidentiary material in response to defendant's submissions, but relies on Pastor Long's admission that Baker was not charged for his copies. The evidence submitted by the defendant clearly disproves plaintiff's contention that the church contributed to the candidates but establishes that although the church did not charge Baker, it did indeed receive value for the photocopying services through the previous contributions to the paper fund by Baker, Fischer and DMS–Network. These contributions are not disputed.

There is no allegation here that any payment to the paper fund by DMS–Network was a violation of the Act, or that either organization is an "employer" within the meaning of the Act. Because the undisputed facts of record indicate that East Liberty Lutheran Church did not contribute anything of value to the candidates, but rather received value for the photocopying services, and because the complaint does not

assert any violation based on a contribution by DMS–Network, summary judgment will be granted in favor of defendant and against plaintiff. Because of our disposition of this matter, we do not address the question of whether this incident had any effect on the election.